Mr. Barney, as soon as you can be ready, we'd like to begin. Preliminarily, you're not the author of the brief in this case, isn't that correct? That's correct, Your Honor. Both the blue brief for the appellant and the gray brief were written by Mark Lipman of California? Yes, Your Honor. And so how does it come to be that you argue the case based on someone else's brief? Your Honor, our firm is handling this case pro bono for purposes of the oral argument. Is Mr. Lipman out of the case or are you sharing counsel duties or what's the arrangement? I think it's fair to say we're sharing counsel duties. I've conferred with Mr. Lipman in preparing for this oral argument. So you've entered an appearance? Yes, Your Honor. But his has not been withdrawn? That's correct, Your Honor. Very well, go ahead. Now what firm is this? Are you with the Veterans Law Group? No, Your Honor. I'm with Finnegan Henderson. Oh. May it please the Court, the issue before the Court today is one of statutory interpretation. The question that both parties have presented to the Court is whether the duty to assist Statute 38 U.S.C. 5103A is limited only to substantive issues, which is what the government argues, or whether it also includes procedure. Mr. Cornyn, why would it make any difference here? Even if we were to say the duty to assist did still apply at the appellate stage and did apply to the issue of tolling, in what way did the Secretary default on his obligation to assist? We have a record that's full of multiple psychiatric evaluations by the VA doctors, including within the appeal period. So we have a pretty detailed picture of the various mental problems that this veteran had. And Judge Steinberg discussed all this evidence, I thought, in very great detail in the decision being appealed. So what precisely is it that the Secretary was obligated to do that he didn't do in the face of all these multiple exams? Yes, Your Honor. In this case, Mr. Baer specifically asked, while his appeal was being considered for jurisdictional purposes at the Veterans Court, to have the case remanded for factual, for record development. That request was denied. It is true that Mr. Baer- What I'm asking you is for exactly what record development? What is undeveloped about this record when we have all this psychiatric evidence? What Mr. Baer seeks is a VA evaluation and a forensic report as to whether or not his mental condition satisfies the requirements under this Court's decision in Barrel 1. Well, that's a legal issue. That's not a psychiatric issue. And we have lots of psychiatric testimony that bears, at least indirectly, on the legal issue that Judge Steinberg and now we have to decide. Your Honor, I would submit that the type of evidence that is in the record now is insufficient to meet the stringent requirements under Barrel 1 because it's not forensic in nature. What the problem here is, even though Mr. Baer was under the care of a VA physician, the types of reports, if you will, that are created during that doctor-patient relationship fall far short of what's required to actually show that the requirements of Barrel 1 are met. Let me tell you, what's bothering me about this case is you say the issue is whether it's the duty to assist a substantive or procedural, but to me the question is whether the Secretary's duty to assist a veteran includes a duty to help the veteran in judicial review of the Secretary's decision. Isn't that basically the issue in the case? Well, Your Honor, that's certainly what the government has raised in its brief. We don't submit or we don't contend that the Secretary has a continuing duty once the appeal is under the jurisdiction of the Veterans Court because those are two separate systems. But he's not there yet. I know of no system, no instance in our whole system of law in which one party is required to assist the other party in litigation. We have in the veterans' system an informal, user-friendly, if you wanted to say, non-adversary system in which the Secretary is supposed to aid the veteran in developing his claim. Now that's over, and the case has gotten into court, and in court the Secretary is the appellee and the veteran is the appellant. And now the suggestion is that somehow the Secretary has an obligation under the statute to assist the veteran in the veteran overturning the Secretary's decision. I would think that before one could so conclude there'd have to be some very explicit indication in the legislative history or the language to show that's what was intended. Your Honor, the problem is Mr. Barrett is not there yet. He's not in that system. The Veterans Court has merely cracked open the door. He's there, he's there, but he may be coming back. The Veterans Court has only looked at the jurisdictional aspects of the case. It has not accepted the merits of the appeal. Even so, but it's the Veterans Court that's doing it. Let me put a different question. If you're right that the Secretary had some obligation to assist the veteran in his proceedings before the Veterans Court, why wouldn't it also apply to assisting the veteran in a case before this court? Your Honor, we agree that once the case is out of the veteran's system, in other words, once it is at the Veterans Court, but it's not there yet. But isn't it out of the veterans? You admit that once it's out of the administrative system, that's the end of the duty to assist. Yes, Your Honor. Why isn't it out once it's docketed? In this case, the Veterans Court has not accepted the appeal on the merits. All it's done is look to see whether it has jurisdiction. Isn't there a case in the Veterans Court with a caption and a number? Yes, Your Honor, but it's only for jurisdictional purposes. So the case is in the Veterans Court, and the Veterans Court said, we have no jurisdiction in this case because the appeal wasn't timely filed. I would refer the Court's attention to a case, Santana-Vanegas, which is cited in our blue brief, in which a veteran was attempting to appeal to the Veterans Court. And because the paperwork got misrouted, ended up not having his appeal timely docketed. In that case, this Court held that it was not unreasonable for that veteran to rely on the outreach statute, for instance, which is part of the administrative framework during that appeal period to help him get his appeal properly docketed. We think this case is in precisely the same posture. The Appeals Court has not accepted the merits of his case on appeal, and therefore, he's in no man's land. The merits of his case are stuck between the VA system and the Veterans Court. And we think that this Court's precedent, as well as the duty to assist statute, is broad enough. Mr. Barney, suspend for a moment. The next person whose cell phone goes off in this courtroom may be in serious trouble. So anybody else who has a cell phone better assure themselves right now that it is totally turned off and will not make any audible noise. If you have any doubt, leave the courtroom immediately. Mr. Barney, please proceed. What I would like to do, because statutory interpretation begins with the text of the statute, I would like to refer the Court's attention to the text of 38 U.S.C. 5103A. Before you do that, you said that the veteran asked for a remand. Yes, Your Honor. In reading the rather detailed opinion of Judge Steinberg that's before us for review, he refers to the Secretary's motion to dismiss for late filing. I didn't see any reference to a motion to remand. Are you saying that on behalf of your client, a motion to remand was filed with the Veterans Court? It was a request. It's on page 3 of the Veterans Court's decision, so it's page 8 of the appendix in the blue brief. I don't know what the exact caption of the request was, although I could look it up while I'm waiting for my rebuttal time. I'm asking you a very specific lawyerly question. Yes. From Judge Steinberg's opinion, I know that there was a motion filed by the Secretary that was before Steinberg for decision, namely a motion to dismiss for late filing, lack of jurisdiction. My question to you is, was there a motion for partial remand? Yes, Your Honor. Or limited remand? Page 3, the appellant filed an unopposed motion for stay of proceeding in the case pending the outcome of Jones v. Principe, which is the case that now is precedential to the Veterans Court, which states that the VA has no duty to assist veterans in this case. You said that he asked for a remand, and I'm asking you, did he file a motion for a remand? And your answer is he filed a motion for a stay. That's not responsive. Did he file a motion for a remand to get the kind of forensic psychiatric report that you say the Veterans Secretary was obligated to give him? Your Honor, it's my understanding that he requested the same treatment that was being requested in Jones v. Principe, which was a limited remand to the BVA for record development, and that was understood by the Veterans Court. And when Jones v. Principe was decided against my client, in other words, basically saying that the Secretary has no duty to assist veterans in their claims for equitable tolling, and therefore there's no requirement to provide a limited remand for record development, that this case then went forward and we now have the decision that's before the Court. Now, this principle that we're arguing about today is judicially created equitable. Yes, Your Honor. And I think you were about to start on this point, but if you weren't, I wish you would, because I think it's the government's strongest point is that the obligation of the Secretary is to assist in developing claims under a law administered by the Secretary, which, of course, this has nothing to do with. Yes, Your Honor. And how do you get around the statutory, which binds us all? The statutory language I'd like to draw the Court's attention to is actually subparagraph A-2 of the duty to assist statute, which sets forth the contours or the outer boundaries of the Secretary's duty to assist. And that section states the Secretary is not required to provide assistance to a claimant under the section if no reasonable possibility exists that such assistance would aid in substantiating the claim. The question, therefore, is whether the assistance that Mr. Barrett is asking for, which is a VA medical examination and a forensic report, would aid in substantiating his claim for benefits. The Secretary says no because it says the assistance has to directly aid or directly go to the merits of the claim for benefits. The statute doesn't say directly. It merely says aid, and aid is a broad term which could include procedural assistance, which would indirectly, indirectly aid the applicant to go on and try to substantiate his claim. So we think the term aid- What about the word substantiate? Usually when people talk about substantiating a claim, they're talking about evidence that establishes the elements to show entitlement to the benefit that the claim comprises. Yes, Your Honor. That's certainly the Secretary's position, but the statute says- But isn't that the normal meaning of the word substantiate in this sort of a context? Well, I would point out that if a veteran is appealing from the BVA to the Veterans Court and his appeal is thrown out or dismissed on a procedural point like lack of jurisdiction, then he has no possibility to substantiate his claim anymore. It's gone. And therefore, preventing the appeal from being dismissed on jurisdictional grounds certainly aids, albeit indirectly, certainly aids or assists that veteran in continuing on to try to substantiate his claim. Can you explain what you mean by a forensic psychiatric report? I hear the word, but I read all these reports by all these different VA psychiatrists about this poor veteran, and you're saying they aren't good enough because they're not forensic. They're diagnostic or they're therapeutic or they're treatment or they're something, and that's not good enough. I needed a forensic report. What are you talking about? The forensic report would look at the 120-day period at issue, or perhaps it's 128, I think, in this case, and would do an evaluation of the applicant and make a determination, which Veterans Administration physicians do all the time because they're always looking retrospectively to see whether a current condition was incurred in service or was related to an in-service event. But does the VA employ forensic psychiatrists as opposed to treatment psychiatrists? Your Honor, this court in Barrett 1 stated all the agency. Can you answer my question, sir? I am answering your question. Yes or no, do they employ forensic psychiatrists or not? It's my understanding that the psychiatrists and the other physicians at the Veterans Administration are qualified specifically to do these sorts of forensic analysis. Well, let me see if I understand what you're saying. Your complaint is that while there's a lot of psychiatric evidence in the record, there's no evidence that specifically addresses the question whether during the 120-day period his psychiatric condition was such that he was unable to file a notice of appeal. Is that what you want? Yes, Your Honor. You want someone addressing the specific question whether he was able to file a notice of appeal and not the general discussion of his mental health and mental condition. Yes, Your Honor, exactly, because that's what Barrett 1 requires. It's a stringent test. There have been other cases where Veterans have gone out and tried to get their own private medical. Claiborne is another appeal that came before this court a few months ago. The Veteran went out and tried to get private medical evidence to support his claim for equitable tolling. The Veterans Court said that's not enough, it's not good enough, it doesn't meet the requirements of Barrett 1. I'd like to make one more point before I sit down, and that is to the extent there is some ambiguity in this statute as to whether or not Congress intended the duty to assist statute to apply to procedural issues like equitable tolling, that ambiguity should be construed in favor of the Veteran. I would like to just very quickly point to a case, Disabled American Veterans v. Gober, 234F3-682, where this court made that exact point that doubt is always construed in favor of the Veteran. That's a case not cited in your briefs? It is not, and I apologize. Again, it's 234F3-682, and it's citing a Supreme Court case, Brown v. Gardner, which is 513 U.S. 115. And with that, if I have any time left, I would like to reserve it. Thank you, Mr. Barney. Mr. Stinson, we'll hear from you. Well, this court created this or recognized this doctrine of equitable tolling. Presumably it intended that there be some way for that to be implemented. How is this ever going to be implemented in the Veterans Court, which does not have any fact-finding ability or responsibility, if it's not going to be sent to the people who do? Well, the way it was handled in this case, I think, is a proper way for it to handle. May it please the Court, the way it was handled was, in fact, the Veterans Court, through the judicial process, requested that the VA provide whatever information it had relevant to the issue. And the VA, through the judicial process, provided that information. But as far as sending something back to the VA regional office or to the VBA, that would be inappropriate. So they asked for whatever they had, and that's what they got. But did it directly pertain to the question? There was some evidence that was in the file that was provided that concerned the actual appeal period, the August 2002, and it's cited in the judge's decision, which analyzed whether he had the ability to have clear thought. And that was what was provided to the Veterans Court. Okay, but what about Mr. Barney's argument that that isn't the question? The question isn't what's his general mental health as of the first week of the four-month appeal period. Rather, the question is, was he not able to understand and implement the instruction and the time limit for filing an appeal such that he necessarily ended up filing late, and therefore that should be excused under equitable tolling? The duty to establish that is on the Veteran. Well, of course, but you're saying, in effect, the August 21, 2002 psychiatric report was good enough because it was within the appeal period. And Mr. Barney's argument, however, doesn't say that the psychiatric evidence was stale. He says it answered a different question than the question before Judge Steinberg. I think he has a point. It answered the question of whether Mr. Barrett, during the appeal period, had the ability to conduct his own affairs to some extent. And it's the burden of the Veteran to establish that his mental capacity was such that he did not have the ability to. . . Well, that's the issue in the case. That's what we're saying here. I mean, you're saying that's it. That's your position. But, of course, he has the burden, but the duty to assist is the point he's trying to make, is that the Veterans Administration is supposed to be assisting. When it's in the administrative process which this argument goes, it still is. It is no longer in the administrative process by the time it comes to the Veterans Court. Maybe that's too technical a reading in the circumstance where it's very clear that Congress wants the Secretary to help in every possible way at every possible time other maybe than when the Veterans Court is deciding the merits, at which point it's totally adversarial. The statute that is issued in this case has nothing in it that requires the VA, the Secretary of the VA, to assist the Veteran once it's in the Veterans Court. Well, that's true, but it has a broad principle of assisting in every appropriate way at every appropriate time. And Mr. Barney is saying, well, it might be different if it were before the Veterans Court on the merits, but it's only on the Veterans Court on the issue of whether he should be excused for filing eight days late and his appeal should be docketed and heard on the merits despite the eight-day lateness. The Veterans Administration and the Secretary of the Veterans Administration acts pursuant to statute. And it's both the budget that's provided for it to act and the statutory authority given by Congress has to be construed based upon the plain language of the statute. Are you saying it would be illegal for the Secretary to order his psychiatrist to do the sort of analysis that Mr. Barney is calling a forensic analysis of the ability of this Veteran to have filed on time? There's no statutory authority for the VA to do that. Yes, it would be a violation of statute for the VA to order that. Well, it may well be there isn't. But if there is a content to this rule of law that was established in this court, then I would expect that the Secretary would follow it. If the Veterans Court orders the VA to do something, are you suggesting that the Secretary does not have any obligation to follow what this court says his obligation is? The VA will follow whatever obligations are required of it by law. Well, it didn't on the remand. The decision written by Judge Mayer in Barrett I specifically commented on the rich assets of the Secretary in terms of psychiatrists and other medical professionals. So the hint, if I can give it that label, is that on the remand, the Secretary should have brought those forces to bear. He refused to, and you're now defending the refusal. Well, first of all, there was no request for a remand here in this case, and there was no refusal by the Secretary to provide information. We ought to be able to agree on that. Mr. Barney, I believe, very specifically said and cited something in the opinion that suggested there was a request for a remand. Why can't the two lawyers in this case agree on a simple historical procedural fact in the court below? Well, there was a motion to stay proceedings, and in that motion to stay proceedings, one of the reasons they wanted to stay the proceedings was to address the issue. What I have in front of me is not, Your Honor, no. The reference that both counsel have been speaking to previously was a reference in the court's decision, the Veterans Court's decision. I would be glad to supply to this court the motion that was filed by Mr. Barrett to the Veterans Court if that would be of assistance to the court. Well, I think it would be. Well, what's it say right now? It says, on July 16, 2004, the court issued an order requesting a written response from the parties on the issue of the whole estoppel under Barrett v. Principi, the Federal Circuit case. In a separate matter, Jones v. Principi, 1996, referred for panel decision by order of 72204, the Veterans Court will address the issue of whether an appeal pending before the court should be remanded to the VA for record development on the issue of mental incapacity for purposes of equitable tolling. The present matter sits in the procedural posture as that of the Jones case. For that reason, the panel would submit a similar written argument as was made in the Jones case. Well, are you saying that seeing that language, the Veterans Court judge, in this case Judge Steinberg, would have no understanding that he was being asked to remand for development of the record? No, I'm not saying that. Well, are you saying that it doesn't count as the equivalent of a motion to remand? I'm saying that that is not a motion to remand. The bottom line was what happened was that Jones' decision was decided by the Veterans Court, and Judge Steinberg held that that mooted the request for state proceedings pending Jones, and in doing so, the basis for seeking the state proceedings was mooted as well, and the basis was whether the VA had a duty to assist. So that's why the court did not address the duty to assist because the Jones case already issued a decision. Well, I'm trying to focus on whether there was a waiver here. If there had been no request, direct or indirect, for a remand, then the government could say the failure of a remand is perfectly understandable. He never asked for it. Mr. Barney says that he did ask for it, albeit in the guise of a motion for stay, but because of the explanation behind it, it was, in effect, a motion for remand. Now, if that's right, then certainly you can't argue waiver, right? That's correct. So then all you can argue is that, like the judge in Jones, Judge Steinberg was correct in saying the secretary's duties are all over the day the board decided this case. And Judge Steinberg's decision was correct on that point. There was no express request for remand. The VA was never requested to do any type of forensic analysis as is being requested, I'm not even sure that the term forensic analysis appears anywhere in the previous filings. Now you have me totally baffled. Are you arguing waiver or you're not arguing waiver? We are not arguing waiver, Your Honor. Then what are you arguing? We are arguing that the statute here does not require the VA to do the type of analysis that is being requested of it now. And the previous Barrett decision did not, you used the word hint, but it did not hold that the VA has a duty to assist. Well, maybe that's a pretty narrow, ungenerous reading of Judge Mayer's opinion in Barrett I to say that it didn't make a suggestion. It might have been a polite way of suggesting a psychiatric exam and there might be an issue of whether it would be appropriate or within this court's powers to order the secretary, who's in a different branch of government, to do a certain thing. But it might have been a suggestion to the lawyers for the secretary, such as yourself and Mr. Lee, that they ought to consider this because it's going to become an issue in the case, as it indeed has. Well, the Veterans Court operated in such a way as to request that the government provide the documentation that it had, and that is indeed what the government did. The government responded to the request of the Veterans Court properly. But if it's irrelevant to the issue, what's the point of that? Isn't that just paying lip service and a wink and a nod? Well, it's not an issue of being irrelevant. It's an issue of whether it's sufficient to meet the plaintiff's burden. And the documentation that was provided is relevant to the issue, but it was not sufficient. Well, as the Chief Judge pointed out, if you've got a piece of paper that talks about what one report on one day said, it doesn't cover the entire period that he had to be considering his appeal to get it in on time. The Veterans Court reviewed the documentation they had before, both provided by the claimant and by the government, and that's the documentation that exists. Yeah, but Mr. Barney is not challenging what the Veterans Court ruled based on that documentation. Rather, he's saying that documentation was defective, was seriously incomplete, was a cop-out by the Secretary who should have provided something explaining whether or not the veteran could, in that 120 days, have gotten his act together enough to file a timely appeal. The Veterans Court pointed out that there was no declaration provided by the claimant to the Veterans Court, setting forth what would be sufficient evidence to establish that during that period of time. That doesn't meet the issue. We all agree that the veteran has to lose if the evidence put before the court doesn't sustain his burden. But the fact that he has a procedural burden of proof or burden of persuasion has nothing to do with whether the Secretary has to help him carry that burden. Only the latter issue is before us. Did or didn't the Secretary have a burden to help provide more psychiatric documentation? Congress has not given that burden to the government in this situation. Why isn't it in the two statutory sections Mr. Barney cites? Those statutory citations go to the issue of developing a claim upon which the VA has authority to adjudicate. And the statute that applies here is 38 U.S.C. 7266, which is the appeal statute to the Veterans Court. And the VA has no authority to assist the claimant in meeting that statutory burden that's provided in 7266. If this issue had arisen before the board, and the board had a time limit which the veteran didn't meet, you would agree that the Secretary would be obligated to help the veteran in developing psychiatric testimony to show that during this appeals period to the board, he was incapable psychologically of filing an appeal. Is that right? During the administrative process, the VA has the duty to assist. And the peculiar thing in this case is that although the case is now in a judicial adversary system, the information sought is the kind of information that may be uniquely within the authority of the Secretary to provide. You would be requesting the Veterans Administration to go back in time and try to determine whether during the 128-day period the claimant had the mental capacity to know that he needed to file appeals. As your opponent says, that's what the VA does all the time. The VA goes back in time and looks at things like what it did in this case earlier, whether the disability that was claimed was incurred during the veteran's service. Are you saying it's impossible for the VA to provide the requested kind of analysis? Is that what your point is? The analysis, what I'm saying is, first of all, the issue of forensic. The VA doesn't provide legal, the doctors who are employed by the VA do not provide legal conclusions. And what you're talking about here is a legal conclusion. No, no, no, no, no. Mr. Barney made clear he's not asking the doctor to make a ruling on tolling. He's asking the doctor to address the extent to which the mental difficulties of this veteran during this particular four-month period were serious enough that he just couldn't do it. That's not the legal conclusion. That's the medical part of it. Are you saying that's impossible or inappropriate, or what are you saying? I'm saying it's inappropriate because it's not a function that has been given to the VA by the statute. That's the issue. Because of what? Because it's in front of the veterans' court? Is that the only problem here, as Judge Friedman's questions bring out? That's one of the problems. The other problem is that the— Well, let me ask you a different question. Suppose after the remand from this court, when the case went back to the veterans' court, he then had counsel, didn't he? The veterans' court, he had counsel, yes. Suppose counsel had written to the secretary and said, in connection with this issue on remand, would you please provide us with a psychiatric report on whether during the 120-day period the veteran would have been able to file a notice of appeal? Would the secretary have provided that, or would the secretary have said, I'm sorry, I don't have authority to do it? Or maybe you don't know. I apologize. I didn't catch the first part of the question, the premise of the question. Are you saying it's back with the veterans' board again? No, no. The case is back in the veterans' court. And instead of there being a request for a remand or anything like that, the veterans' lawyer writes a letter to the secretary asking for this specific psychiatric evidence. He'd like an examination or whatever is necessary. And he'd like an opinion from a VA psychiatrist as to whether or not the veteran was capable during the 120-day period of filing a notice of appeal. Would the secretary have provided such? No. No? No. Why not? Because the VA doesn't have the responsibility at that point in time to provide that type of information because it does not pertain to the claim. Well, it may not have the responsibility, but it doesn't have the legal authority. There's nothing to prevent the secretary. There wouldn't be anything to prevent the secretary from providing it. I mean, if the secretary would provide it in that situation, he couldn't be accused of dereliction of duty. Well, he asked for the statute and pursuant to the budget they had, the Veterans Administration has only so much budgetary money and dollars to be able to do this type of analysis. There are many, many veterans out there who need analysis. What are you saying, that you can't afford to do it? It's possible and maybe it would be helpful, but it would strain your budget too much to do one exam, one more exam of this veteran? Is that your argument? It was outside the monetary capability of the department? It's outside the statutory authority of the VA. And I'm saying the VA has to make certain decisions in how it's going to spend the money that it has. And there are many, many veterans who need analysis for the claims that they have. And if this analysis is going to be provided by the VA, then that's an analysis not going to be conducted for somebody else. They have to prioritize. And this veteran does not have the statutory right to that analysis that would be requested by the attorney in Judge Friedman's hypothetical. Well, what do we have here? An impossible impasse. We have some judge-made law about equitable tolling. And we have a statutory obligation to help veterans in various ways. And you seem to be saying, well, because the statute doesn't say that the secretary's duty to assist includes providing reports on the issue of equitable tolling, that that means the secretary precluded from doing so. No, it's not quite as stringent as that. The statute does not provide authority to the VA, to the Secretary of the VA, to provide the type of analysis that's requested once the administrative process is through. Well, what if there had been a remand? What if Judge Steinberg had remanded along with a request for precisely the sort of exam suggested by Mr. Barney to be conducted by the secretary's psychiatrist? Well, in the first instance, the government would have argued that the remand would be improper because there's no duty to assist at that stage of the litigation. However, I'm certain that the VA would have complied with the requirements of the VA, sorry, of the Veterans Court. Well, it'll follow the Veterans Court, but not this court? Well, the Veterans Court would have to, we would make the argument that the Veterans Court doesn't have the authority to do that. Let me ask you this way. Suppose we remand this case right now to the Veterans Court, and we tell the Veterans Court, in turn, you must remand to the secretary for him to do this kind of exam. Is it going to be done or not? Well, there would be an appeal, Your Honor. That may be. I'm asking whether it would be done or not. I'm certain that the Veterans Administration would comply with the decisions of this court and decisions of the Veterans Court. But that's a separate issue entirely from whether the government would also make an argument that the requirements of the court, the Veterans Court or this court, are within the statutory requirements given by Congress. Mr. Stinson, let me see if, basically, what your argument, I take it, comes down to is that once a case leaves the administrative system and gets into the Veterans Court, it's got its own case number and its docketed number and all of that, at that point, the secretary no longer has any obligation to aid the veteran in conducting his litigation against the secretary. That's your basic position. That is our position. That's one of our positions. But, indeed, once the Board of Veterans Appeals' decision is final, then the duty to assist ceases as well. It's not simply because it's filed with the Veterans Court that now, all of a sudden, the duty, indeed, the Jockway case, because the claimant in that case was seeking review by the Veterans Court, the duty to assist has stopped. If it's not final, the duty continues? Well, once that decision is stamped, it's final. I was thinking of a case in which the board does something and then there's an appeal to the Veterans Court and the question before the Veterans Court is whether the board's decision had sufficient finality to be appealable. Would the secretary have any obligation to assist the veteran in that situation before the Veterans Court? If it was remanded back to the Veterans Court? No, just, would he have any obligation, whatever the veteran asks him to do? Well, there are certain statutory obligations that the VA has as far as notification to the veteran to make sure the veteran understands his appeal rights. But that's different than the duty to assist that is an issue in this case. I'm trying to find off what, in the government's view, is the cutoff point. At what point do you say that the secretary is totally out of it and has no obligation to assist the veteran? Is it the day the case is docketed in the Veterans Court or is it some other day? Well, it's certainly, in this case, there was a docketing in this court and so it was final by that point. But it's previous to that. It's the date that the decision is issued by the veteran, by the VVA, and that's the final decision. So that's where the duty to assist terminates. Now, obviously, if there's a motion for reconsideration and it still remains at the VVA, then you have to do it. But if there's a reconsideration, the secretary would still have some obligation to assist. That's correct. I mean, there are different ways in which it's final. So I'm not trying to give you a specific time when it stops, but it depends on the circumstances. In this case, the obligation had ended. All right. Thank you, Mr. Stinson. Mr. Barney, do you have any rebuttal? Your Honor, it seems the issue is fairly ventilated, so unless Your Honor has questions, I'll rest on the briefs. We'll take the case under advisement. We thank both counsel.